118 So.2d 47 (1960)
Louis OSSINSKY, Sr., and Joseph D. Krol, Appellants,
v.
Dayton NANCE, Appellee.
No. B-131.
District Court of Appeal of Florida. First District.
January 14, 1960.
Rehearing Denied February 11, 1960.
Ossinsky & Krol, Daytona Beach, for appellants.
Kinsey, Vincent & Pyle, Daytona Beach, for appellee.
PER CURIAM.
Finding no error in entry of summary judgment in favor of the appellee, plaintiff below, the same is hereby affirmed.
On the appellee's cross-assignment of error, directed to the fact that the costs of the proceeding were taxed against appellee who prevailed in the lower court, Section 58.04, Florida Statutes, F.S.A., provides that the party recovering the judgment shall recover also on his legal costs and charges. This statutory provision follows the general rule that costs follow the result of the litigation. It was therefore error to tax the costs of this proceeding against the appellee and in that particular the cause is remanded with directions to enter an order taxing the costs against the appellants.
Affirmed in part, reversed in part with directions.
*48 WIGGINTON, C.J., and STURGIS, J., concur.
CARROLL, DONALD K., J., concurring in part and dissenting in part.
CARROLL, DONALD K., Judge (concurring in part and dissenting in part).
I do not agree with that part of the majority opinion which affirms the summary judgment. As I view the pleadings and evidence before the trial court at the hearing on the motion for summary judgment, there was a genuine issue as to several material facts. The amount sued upon was given to an agent (appellant) of a vendor (not a party to the suit) by a prospective vendee (appellee). The undisputed evidence was that the said amount was an "earnest money deposit * * * to be held in escrow subject to the closing of this transaction at the earliest possible moment" and that the vendee refused to close the transaction. Earnest money in this situation, I think, imports a forfeiture. In this state of the evidence, a forfeiture of all or part of the said amount may have been legally permissible, and the appellee was not entitled to a judgment for the full amount as a matter of law. Otherwise I concur in the majority opinion and judgment.

On Petition for Rehearing
STURGIS, Judge.
The eleven-ground petition for rehearing filed by appellants is fraught with a virus all too common with such pleadings: It is distinguished more in the breach than in the observance of Florida Appellate Rule 3.14, subd. b, 31 F.S.A. Nine of the grounds assigned for rehearing were fully presented by the briefs and oral argument before this court; one involves the subject of an assignment of error which is not only unsupported by the record, but was not argued by appellants' brief and under Florida Appellate Rule 3.7, subd. i is therefore treated as abandoned; and the remaining ground cites a case that was not previously cited and which upon examination is found not to be in point with appellants' contention.
On prior disposition the majority felt that an extensive opinion would add nothing to the case law and our per curiam affirmance of the summary judgment did not undertake to state the facts. In order, however, that the diverging views of the court may be more clearly positioned, we take the occasion afforded by the petition for rehearing to state the material undisputed facts.
The appellee, Dayton Nance, sued "Louis Ossinsky, Sr., and Joseph D. Krol, a partnership doing business under the name of Horn & Ossinsky, Attorneys at Law," charging that defendants were indebted to the plaintiff for money received by the defendants, in escrow, for the use of the plaintiff, in the sum of $1,100, with interest thereon from October 18, 1955; that said sum was delivered to defendants as an earnest money deposit in connection with an attempted purchase by the plaintiff from one Felix Donay of certain real property in Volusia County, the plaintiff taking defendants' receipt therefor to the effect that the money should be "held in escrow subject to the closing of this transaction" as set forth in a letter to Mr. Donay. The subject letter is one written by the defendants to the property owner advising of the purchase by the plaintiff, the deposit of the earnest money "subject to the transaction being closed at the earliest possible date," and containing instructions to Donay as to certain procedures to be followed in order to consummate the transaction. The complaint also charged that prior to the commencement of the suit the subject property was sold and conveyed by Donay to persons other than the plaintiff, that the transaction described in the receipt could not be consummated, and that the defendants though often requested had failed to pay the earnest money over to the plaintiff.
*49 Defendants addressed five motions to the complaint: (1) to transfer the cause to the equity side of the court; (2) to dismiss the complaint for failure to state a cause of action and for failure to join Donay as a party defendant; (3) to dismiss the complaint for failure of the plaintiff non-resident to post security for costs; (4) to strike the complaint and each phrase, clause, and sentence thereof as being vague, indefinite, uncertain, repugnant, redundant, immaterial, irrelevant and scandalous; and (5) a motion for better particulars. The motions were severally denied. Thereafter depositions were taken of the plaintiff and of the defendant Louis Ossinsky, Sr., and upon the basis of the proof therein and of a counter-affidavit of the defendants plaintiff's motion for summary judgment was granted.
By the order entering summary judgment the court found, as the proofs show, that the funds in question were held by the defendants Ossinsky and Krol; that the plaintiff wrongfully refused to proceed with the contract for the purchase and sale of the realty but that the contract cannot now be performed because the seller, Donay, subsequently sold the property to another; that there was no contractual provision for a forfeiture of the money deposited with the defendants; that the defendants had no interest in the funds and claimed none, being admittedly mere stakeholders. The order aptly pointed out that defendants had not availed themselves of interpleader to protect themselves against any claim of Donay in the premises, and it does not appear that any effort was made by the defendants under F.R.C.P. 1.17 or 1.18, 30 F.S.A., to have Donay made a party to this cause for the purpose of protecting his interest, if any, in the subject fund.
The facts recited in the order of the learned circuit judge and supported without contradiction by the record disclosed no material issue and plaintiff was entitled to judgment as a matter of law. Assuming arguendo that Donay might have asserted a forfeiture of all or part of the earnest money deposit, or that it might have been subject to other claims of the seller, that subject was not before the trial court.
Rehearing denied.
WIGGINTON, C.J., concurs.
CARROLL, DONALD K., J., dissents.