377 So.2d 730 (1979)
NATIONAL TITLE INSURANCE COMPANY, Appellant,
v.
OSCAR E. DOOLY ASSOCIATES, INC., Robert M. Little and Elizabeth W. Little, His Wife, Appellees.
No. 79-84.
District Court of Appeal of Florida, Third District.
November 20, 1979.
Rehearing Denied January 3, 1980.
Hoover & Phillips and W.L. Randol, Jr., Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellees.
Before HENDRY, BARKDULL and NESBITT, JJ.
NESBITT, Judge.
The judgment appealed from must be reversed for failure to join indispensable parties to the action in the trial court.
The appellee, Oscar E. Dooly Associates, Inc., a real estate broker, procured Simpson International and William G. Simpson as purchasers of a dwelling under a land sale contract wherein the co-appellees, Robert M. Little and Elizabeth W. Little, his wife, were sellers. Although it is highly disputed in another point on appeal, it may be assumed for the purposes here that the appellant, National Title Insurance Company, became the escrow agent for the ten thousand dollars earnest money binder posted by the purchasers.
The land sale contract contained the standard recitals requiring the sellers to deliver an abstract showing title to be "good, marketable and/or insurable." If the title was found to be defective, the contract required sellers to use reasonable diligence to correct the defect within thirty days. If the sellers were unable to do so, the contract provided that "all monies that may have been paid under this contract shall be returned to purchaser and the purchaser and seller shall be released from all obligations hereunder to each other." A forfeiture provision was also included providing that if:
the sale is not closed due to any default, for failure on the part of the purchaser, the seller, at his option, may seek to enforce this contract ... or else the seller may direct the holder of the deposit to pay the broker his brokerage fee not to exceed one-half of the deposit and to pay the balance of the deposit to the seller as consideration for execution of this agreement... .
Due to reasons not apparent in this record, the transaction was not consummated. The broker and the sellers, appellees herein, perceiving themselves to be entitled to declare a forfeiture, instituted this action to *731 recover the monies from the escrow agent. Their theory was that the purchasers had defaulted under the land sale contract and had thereby divested themselves of title and right to possession of the earnest money deposit. Only the appellant, National Title Insurance Company, was served with the summons and complaint. Neither Simpson International nor William G. Simpson were joined as parties to the action.
After the cause was at issue on the pleadings, the court in a bench trial took testimony and evidence and found for the appellees. It then entered a money judgment in the sum of ten thousand dollars against the appellant.
National Title Insurance Company maintains that William G. Simpson and Simpson International are indispensable parties. The appellant did not assert the defense of indispensable parties by motion as it was privileged to do. Instead, it elected to assert the defense by responsive pleading as authorized by Fla.R.Civ.P. 1.140(b).
The classical definition of an indispensable party is set forth in 24 Florida Jurisprudence, Parties, § 3:
An "indispensable party" is one who has not only an interest in the subject matter of the controversy, but an interest of such a nature that a final decree cannot be rendered between other parties to the suit, or cannot be rendered without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience. Unless such a person is made a party, the court will not proceed to a final determination.
See Great Southern Aircraft Corporation v. Kraus, 132 So.2d 608 (Fla. 3d DCA 1961).
The question that permeated the entire controversy was whether William G. Simpson and Simpson International were in default pursuant to the land sale contract so as to warrant forfeiture of the earnest money binder to the broker and seller. It should be borne in mind that under the contract the binder belonged to William G. Simpson and Simpson International unless and until it was established that the sale was not closed due to their default. The broker and seller were not entitled to a division of the earnest money binder until the default was established.
The busy trial judge disposed of the defense of failure to join an indispensable party on authority of Ossinsky v. Nance, 118 So.2d 47 (Fla. 1st DCA 1960). In Ossinsky, the court stated that an escrow agent was not in position to raise the defense of failure to join indispensable parties since he had a right to maintain an action of interpleader. That case, however, is readily distinguishable. In that decision, it is clear that there was 1) no contractual provision for the forfeiture of the money to the sellers, and 2) it was the buyer who was suing the escrow agent for the refund of his earnest money binder. In the instant case, the purchasers are the omitted parties. In Ossinsky, the sellers were the omitted parties and it is therefore plainly distinguishable.
For the foregoing reasons, the judgment appealed from is reversed for proceedings not inconsistent herewith or in the alternative to dismiss the complaint.
Reversed and remanded.