DANIEL S. PEARSON, Judge.
Harry Barkett sued The Hotsy Corporation alleging, in pertinent part, that in 1969 the corporation issued and delivered to him a stock certificate representing 40,000 shares of stock in said corporation, that he was unable to locate the certificate and believed it to be lost or destroyed, that at some later time unknown to him the corporation received the missing certificate, and registered the shares to another despite the fact that the certificate neither bore nor was accompanied with the necessary in-dorsements authorizing its transfer.[1]
*386 According to an affidavit submitted by Hotsy, its records reflected that the certificate in Barkett’s name was transferred to a certificate issued and registered to H. B. & S., Inc., and Barkett’s certificate cancelled. Upon Hotsy’s motion, the trial court dismissed Barkett’s complaint because of his failure to join H. B. & S., Inc., deemed by the trial court to be an indispensable party. Barkett seeks review of this order by certio-rari.
We grant Barkett’s petition for certiorari and quash the order under review upon a holding that under Barkett’s claim that he is the true owner of a certificate of stock which was transferred and registered to H. B. & S., Inc. by Hotsy in alleged violation of Section 678.404(l)(a), Florida Statutes (1979), see n. 1, supra, H. B. & S., Inc. is not an indispensable party to the action between Barkett and Hotsy since (a) no interest of H. B. & S., Inc., the absent party, will be determined by any judgment rendered in favor of Barkett, who, were he to establish the wrongful registration,[2] would be entitled to the delivery by Hotsy of a like security (not that issued to H. B. & S., Inc.) see § 678.404(2), unless such delivery would result in over-issue, in which case he would be entitled to alternative remedies against Hotsy provided by Section 678.104, Florida Statutes (1979),[3] compare National Title Insurance Company v. Oscar E. Dooly Associates, Inc., 377 So.2d 730 (Fla.3d DCA 1979) (where in order for sellers/broker to recover escrowed money it is necessary to establish that purchaser was disentitled to money because of purchaser’s default, purchaser is indispensable party), and Martinez v. Balbin, 76 So.2d 488 (Fla.1954) (defendant’s assignee indispensable where claim to the res would be foreclosed by litigation between plaintiff and defendant), with Ossinsky v. Nance, 118 So.2d 47 (Fla. 1st DCA 1960) (where in order for prospective purchaser to recover money from escrow agent, there being no right in seller, in any event, to forfeiture of the deposit, seller is not indispensable party); (b) the non-joinder of H. B. & S., Inc. is not, in our view, inconsistent with equity or good conscience, since the interest of H. B. & S., Inc. in its certificate of stock is not only unaffected by the outcome of the dispute between Barkett and Hotsy, but, moreover, an action, if one should occur, between either Hotsy or Bark-ett and H. B. & S., Inc., could not produce a result inconsistent with the present action, compare Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972) (insured is indispensable where insurer’s liability dependent on insured’s liability, and, presumably, conflicting results in separate actions could occur). See generally 3 Moore’s Federal Practice ¶ 19.07(1) (2d ed.1979); and (c) Hotsy’s apparent contention that since H. B. & S., Inc. *387 is the only owner shown on Hotsy’s books, Barkett is therefore not an owner and cannot obtain relief under Section 678.404, Florida Statutes (1979), without the joinder of H. B. & S., Inc., is particularly unimpressive, since Section 678.404 contemplates that the true owner mentioned therein is not a presently registered owner shown on the books of the issuer.
Certiorari granted; the order dismissing the amended complaint is quashed.

. Section 678.404, Florida Statutes (1979), provides:
“Liability and nonliability for registration.— “(1) Except as otherwise provided in any law relating to the collection of taxes, the issuer is not liable to the owner or any other person suffering loss as a result of the registration of a transfer of a security if:
“(a) There were on or with the security the necessary indorsements (s. 678.308); and
“(b) The issuer had no duty to inquire into adverse claims or has discharged any such duty (s. 678.403).
“(2) Where an issuer has registered a transfer of a security to a person not entitled to it the issuer on demand must deliver a like security to the true owner unless:
“(a) The registration was pursuant to subsection (1); or
*386 “(b) The owner is precluded from asserting any claim for registering the transfer under s. 678.405(1); or
“(c) Such delivery would result in overis-sue, in which case the issuer’s liability is governed by s. 678.104.”
it is clear that subsection (l)(b) is triggered only if subsection (l)(a) is first satisfied. See Cohen v. Bankers Trust Co., 445 F.Supp. 794 (S.D.N.Y.1978). If the transfer of Barkett’s security were registered despite the absence of necessary indorsements, Hotsy would be liable to Barkett unless Barkett were precluded by subsection (2)(b). Thus, under Barkett’s complaint, subsection (l)(b), which could implicate an adverse claimant, can never be operative.

. We do not pass on the merits of Barkett’s claim or other defenses raised by Hotsy not yet ruled on by the trial court.

. Section 678.104, Florida Statutes (1979), provides:
“Effect of overissue; ‘overissue.’—
“(1) The provisions of this chapter which validate a security or compel its issue or reissue do not apply to the extent that validation, issue or reissue would result in overis-sue; but:
“(a) If an identical security which does not constitute an overissue is reasonably available for purchase, the person entitled to issue or validation may compel the issuer to purchase and deliver such a security to him against surrender of the security, if any, which he holds; or
“(b) If a security is not so available for purchase, the person entitled to issue or validation may recover from the issuer the price he or the last purchaser for value paid for it with interest from the date of his demand. “(2) ‘Overissue’ means the issue of securities in excess of the amount which the issuer has corporate power to issue.”