702 So.2d 232 (1997)
Rachelle M. STELLAS, Petitioner,
v.
ALAMO RENT-A-CAR, INC., Respondent.
No. 88250.
Supreme Court of Florida.
December 4, 1997.
*233 Scott Jay Feder and Scott L. Poisson of Feder & Fine, P.A., Miami, for Petitioners.
G. Bart Billbrough and Geoffrey B. Marks of Walton, Lantaff, Schroeder & Carson, Miami, and Roland Gomez of the Law Offices of Roland Gomez, P.A., Miami Lakes, for Respondent.
Michael S. Rywant of Rywant, Alvarez, Jones & Russo, P.A., Tampa, for Auto-Owners Insurance Company and Hanover Insurance Company, Amici Curiae.
Wendy F. Lumish of Popham, Haik, Schnobrich & Kaufman, Ltd., Miami, and Hugh F. Young, Jr., Reston, VA, for The Product Liability Advisory Council, Inc., Amicus Curiae.
John Beranek, Dubose Ausley and James Harold Thompson of Ausley & McMullen, Tallahassee, for CSX Transportation, Inc., Amicus Curiae.
George N. Meros, Jr. of Rumberger, Kirk & Caldwell, P.A., Tallahassee, for The Florida Hospital Association, The Association of Voluntary Hospitals of Florida, Inc., The Florida Statutory Teaching Hospital Council, and The Florida League of Hospitals, Amici Curiae.
Jack W. Shaw, Jr. of Brown, Obringer, Shaw, Beardsley & DeCandio, P.A., Jacksonville, for Florida Defense Lawyers Association, Amicus Curiae.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for Academy of Florida Trial Lawyers, Amicus Curiae.
HARDING, Justice.
We have for review a decision certifying as a question of great public importance the issue of whether it was error to permit a nonparty intentional tortfeasor's name to appear on the verdict form so as to permit the jury to apportion fault between the nonparty and the negligent tortfeasor. Stellas v. Alamo Rent-A-Car, Inc., 673 So.2d 940 (Fla. 3rd DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The Stellases rented a car from Alamo Rent-a-Car in Orlando, to be returned in Miami. On the way to Miami, the Stellases' daughter took a wrong turn off the expressway into a high crime area. While they were stopped, a man (who was later apprehended) smashed the passenger side window and struggled with Mrs. Stellas before taking her purse and fleeing.
The Stellases brought suit against Alamo on a claim of negligent failure to warn, claiming that the company should have known of the dangers of touring in certain areas of Miami with a bumper sticker saying "Alamo." The Stellases argued that it was error to permit a nonparty intentional tortfeasor's name (the assailant) to appear on the verdict form so that the jury could apportion fault between the assailant and the negligent tortfeasor (Alamo).
The court looked to section 768.81, Florida Statutes (1993), which abrogated joint and several liability as to noneconomic damages and requires courts to apportion liability in accord with percent of fault of each party. The district court concluded that it was not error to permit both names to appear on the *234 form. The court disagreed with Slawson v. Fast Food Enterprises, 671 So.2d 255 (Fla. 4th DCA), review dismissed, 679 So.2d 773 (1996), which reached the opposite conclusion.
We approved the reasoning of the Slawson court and decided this exact issue in Merrill Crossings Associates v. McDonald, No. 88,324, ___ So.2d ___, 1997 WL 746290 (Fla. Dec. 4, 1997), where we held that section 768.81 does not apply to this type of action. Based on our analysis in that case, we hold that it was error to permit both names to appear on the verdict form. We quash the decision of the district court of appeal and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.