PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 95-2799

_____

D. C. Docket No. 91-1457-Civ-T-24C

CAROL WYKE, individually and as personal representative of the Estate of Shawn David Wyke, a minor deceased,

Plaintiff-Appellee,

versus

POLK COUNTY SCHOOL BOARD, MAX LINTON, individually and as Principal of McLaughlin Junior High School of Polk County, and JAMES BUTLER, individually and as Vice-Principal of McLaughlin Junior High School of Polk County,

Defendants-Appellants.

_____

No. 95-3653

_____

D. C. Docket No. 91-1457-Civ-T-24C

CAROL WYKE, individually and as personal representative of the Estate of Shawn David Wyke, a minor deceased,

Plaintiff-Appellant,

versus

POLK COUNTY SCHOOL BOARD, MAX LINTON, individually and as Principal of McLaughlin Junior High School of Polk County, and JAMES BUTLER, individually and as Vice-Principal of McLaughlin Junior High School of Polk County,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(March 26, 1998)**

Before ANDERSON, Circuit Judge, and KRAVITCH and FAY, Senior Circuit Judges.

PER CURIAM:

In our earlier opinion in this matter, <u>Wyke v. Polk County Sch. Bd.</u>, 129 F.3d 560 (11th Cir. 1997), we certified the following question to the Supreme Court of Florida:

> Does Florida's comparative fault statute, Fla. Stat. Ann. § 768.81 (West 1997
>
> Supp.), require the allocation of "fault" between both negligent and intentional
>
> tortfeasors?

Following our certification the Supreme Court of Florida decided the cases of <u>Merrill Crossings Assoc. v. McDonald</u>, 22 Fla. L. Weekly S739 (Dec. 4, 1997), and <u>Stellas v. Alamo Rent-A-Car</u>, 702 So. 2d 232 (Fla. 1997). It appearing that the opinions rendered in these cases provided a clear answer to the question certified, we withdraw the certification with the consent of the Supreme Court of Florida.

The trial court in this matter refused to include the name of Shawn David Wyke on the verdict form. That court ruled that the jury could not apportion liability to Shawn since he had not committed a negligent act but rather an intentional one (suicide). This ruling was in accord with what is now the clear law of Florida under Florida Statute § 768.81.

Having resolved all the issues presented in these matters, the judgment of the district court is affirmed.

AFFIRMED.