723 So.2d 401 (1999)
Vivian JONES, Appellant,
v.
BUDGET RENT-A-CAR SYSTEMS, INC., Appellee.
No. 98-1455.
District Court of Appeal of Florida, Third District.
January 13, 1999.
Bret Shawn Clark, Miami, for appellant.
Bohdan Neswiacheny and Glenn J. Webber, Ft. Lauderdale, for appellee.
Before JORGENSON, LEVY and SHEVIN, JJ.
SHEVIN, Judge.
Vivian Jones appeals a final judgment reducing her jury award and awarding defendant, Budget Rent-A-Car Systems, Inc., attorney's fees pursuant to section 768.79(6)(a), Florida Statutes. We reverse.
Jones was injured when a car driven by Hirotaka Sakamoto, rented from Budget, crashed through the wall of her home, throwing her to the ground. Sakamoto claimed that an unknown assailant approached the vehicle, struck it with a hammer, and grabbed the wheel. Sakamoto lost control of the vehicle, and careened into Jones's wall. Jones sued Budget. Budget filed an offer of judgment for $35,001. Budget asserted, as an affirmative defense, that the negligence of the unknown assailant was the superseding, *402 intervening cause of the injuries. The court placed the unknown assailant on the verdict form. The jury found Budget 30% at fault; the unknown assailant was found 70% at fault. The total damages were $41,914, reduced to $18,814 based on Budget's percentage of fault. Jones filed a motion for new trial asserting that under the holding in Merrill Crossings Assoc. v. McDonald, 705 So.2d 560 (Fla.1997), the court erred in placing the intentional tortfeasor on the verdict form. The court denied the new trial motion. Budget filed a motion for attorney's fees asserting that the plaintiff's judgment was at least 25% less than the amount of its offer. § 768.79(6)(a), Fla. Stat. (1997). The court granted the motion and assessed fees against Jones.
We reverse the final judgment because the trial court erred in denying Jones's motion for new trial. The motion properly asserted that pursuant to the holding in Merrill Crossings, the verdict form should not have included the name of an alleged third party intentional tortfeasor. In this case, as argued in Merrill Crossings and Stellas v. Alamo Rent-A-Car, Inc., 702 So.2d 232 (Fla. 1997), Budget seeks to offset its negligence by shifting liability to the intentional tortfeasor. As the Florida Supreme Court explained in Merrill Crossings, section 768.81, Florida Statutes, does not permit allocation of fault between both negligent and intentional tortfeasors. See Wal-Mart v. Coker, 714 So.2d 423 (Fla.1998); Merrill Crossings. See also Wyke v. Polk County School Bd., 137 F.3d 1292 (11th Cir.1998).
In Stellas, the car rental company attempted to apportion fault between itself and an unknown intentional tortfeasor who attacked the rental vehicle and occupants. Rejecting the rental company's argument, the supreme court explained that it was error to permit both the negligent tortfeasor and the intentional tortfeasor to appear on the verdict. "By its very terms, [section 768.81(4)(b)] simply does not apply to cases involving intentional conducteither as a vehicle for an intentional tortfeasor to reduce his liability because of the negligence of a third party, or as in this case, for a negligent tortfeasor to reduce his liability because of [the] intentional tortuous act of a third party." Stellas v. Alamo Rent-A-Car, Inc., 673 So.2d 940, 945 (Fla. 3d DCA 1996)(Jorgenson, J., dissenting), quashed, 702 So.2d 232 (Fla.1997).
The analogy Budget attempts to draw between the present case and Fabre v. Marin, 623 So.2d 1182 (Fla.1993), was addressed and rejected by the Merrill Crossings court when it explained that Fabre addressed the combined negligence of two drivers. The supreme court has explained that "negligent acts are fundamentally different from intentional acts." Merrill Crossings, 705 So.2d at 562. The latter will not serve to reduce the liability of a negligent tortfeasor. See id.
Based on this result, we hold that section 768.81 is inapplicable in this case. Accordingly, we reverse the final judgment and remand with directions to enter judgment in plaintiff's favor for the full amount of the damages awarded by the jury.[1]
Reversed and remanded with directions.
NOTES
[1] The remaining point raised by appellant lacks merit.