825 So.2d 937 (2001)
PALAFRUGELL HOLDINGS, INC., etc., Appellant,
v.
Marwin S. CASSEL, etc., et al., Appellees.
No. 3D99-1596.
District Court of Appeal of Florida, Third District.
January 10, 2001.
*938 Stephen M. Zukoff; Robert S. Glazier and Sarah Helene Sharp, Miami, for appellant.
Kluger, Peretz, Kaplan & Berlin, P.A., and Todd A. Levine and Abbey L. Kaplan, Miami, for appellees.
Before JORGENSON, COPE, and GODERICH, JJ.
JORGENSON, Judge.
Palafrugell Holdings, Inc., appeals from a final judgment in favor of the defendants. For the following reasons, we reverse.
Rodolfo Hernandez encouraged five investors to form Palafrugell Holdings, Inc., (Palafrugell) the plaintiff below. The investors were to contribute enough capital for Palafrugell to purchase a mortgage. Hernandez's duties included retaining corporate counsel and arranging the mortgage purchase. Hernandez and the other investors agreed that Marwin Cassel (Cassel) and Broad & Cassel (collectively referred to as B & C), defendants below, would be retained as corporate counsel. Over the past 25 years Hernandez had retained B & C several times to represent his various business entities and him personally.
On August 12, 1994, the investors wired funds totaling $350,000.00 to B & C's trust account "by order of Palafrugell Holdings, Inc." Cassel drafted a trust agreement which named Hernandez as trustee and acknowledged Palafrugell's interest in the funds. Cassel prepared an assignment of mortgage for Hernandez to obtain a mortgage in his own name. B & C disbursed the funds to Hernandez without obtaining Palafrugell's approval or confirming that Hernandez was authorized to use the money. Hernandez used the funds to pay for the mortgage in his own name. On August 1, 1996, Cassel informed Palafrugell that the funds had been withdrawn and the mortgage had been obtained in Hernandez's name alone. On August 1, 1997, Palafrugell sued for a bill of discovery and *939 an accounting. On July 30, 1998, Palafrugell amended its complaint to include claims for legal malpractice, negligent bailment, and breach of fiduciary duty. On December 2, 1998, Palafrugell filed a second amended complaint, which primarily added exhibits. Defendants moved to dismiss and for summary judgment.
The trial court dismissed Palafrugell's amended negligence claims for failure to join Hernandez as an indispensable party and granted summary judgment on three independent grounds: (1) B & C had no fiduciary duty to Palafrugell; (2) all claims in the second and third amended complaints were essentially for legal malpractice, did not relate back, and thus were barred by the two-year statute of limitations for legal malpractice; and (3) Palafrugell lacked standing because Palafrugell's investors, not Palafrugell itself, had been injured.

I. Failure to Join an Indispensable Party

The trial court erred in dismissing the complaint for failure to join an indispensable party. "An `indispensable party' is a person with such an interest in the subject matter of the action that a final adjudication cannot be made without affecting his interests or without leaving the controversy in such a situation that its final resolution may be inequitable." W.R. Cooper, Inc. v. City of Miami Beach, 512 So.2d 324, 325 (Fla. 3d DCA 1987)(citing National Title Ins. Co. v. Oscar E. Dooly Assocs., 377 So.2d 730 (Fla. 3d DCA 1979)). Palafrugell's claims against B & C arise out of the alleged negligent breach of its fiduciary duties, while any claim it would have against Hernandez would arise out of Hernandez's intentional conduct. Resolution of Palafrugell's claims against B & C arising out of an alleged breach of fiduciary duty does not affect Hernandez's rights because the rights between Palafrugell and Hernandez are "separate and distinct" from any rights between Palafrugell and Hernandez. See Great Southern Aircraft Corp. v. Kraus, 132 So.2d 608, 610 (Fla. 3d DCA 1961).
Moreover, intentional tortfeasors are not indispensable in negligence actions because "negligent acts are fundamentally different than intentional acts." Merrill Crossings Assocs. v. McDonald, 705 So.2d 560 (Fla.1997)(holding that it is error to apportion fault between negligent tortfeasor and absent intentional tortfeasor); see also Nash v. General Motors Corp., 734 So.2d 437 (Fla. 3d DCA 1999)("[I]t was error for the drunk driver, an intentional tortfeasor, to appear on the same verdict form as General Motors, the negligent tortfeasor ..."); Jones v. Budget Rent-A-Car Sys., Inc., 723 So.2d 401 (Fla. 3d DCA 1999). Palafrugell's allegations regarding Hernandez sound in fraud and conversion, which are intentional torts. Palafrugell's allegations against B & C, on the other hand, are for negligence.[1] Therefore, Hernandez is not an indispensable party.

II. Duty

The trial court erred in ruling as a matter of law that B & C did not owe Palafrugell a fiduciary duty either as its attorney or as its escrow agent.[2] The defendants, as the moving parties in a motion for summary judgment, had the burden to conclusively show the lack of an *940 attorney-client or escrow agent relationship. See Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966)(holding that the moving party for summary judgment must prove a lack of genuine issues of material fact). To the contrary, Palafrugell adduced evidence showing the existence of a fiduciary relationship, thereby creating an issue of material fact sufficient to defeat a motion for summary judgment on the issue of duty. We therefore reverse the trial court's order granting summary judgment on the issue of duty.

III. Statute of Limitations

The trial court erred in ruling that the statute of limitations bars Palafrugell's claims. Whether the original complaint was filed timely is not at issue; rather, the trial court found that Palafrugell's amended complaints do not relate back to the date of the original. We disagree. Rule 1.190 of the Florida Rules of Civil Procedure reads: "(c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading." Kiehl v. Brown, 546 So.2d 18 (Fla. 3d DCA 1989). In this case, although the original complaint sought a different form of relief than that requested in the amended complaints, the alleged facts which underlie the complaint and its amended versions are fundamentally the same: Palafrugell deposited $350,000 into B & C's trust account; Palafrugell made these deposits to purchase a mortgage under its name; B & C accepted the funds on behalf of Palafrugell; B & C made disbursements which were used to purchase a mortgage in Hernandez's name; and Palafrugell did not receive either return of the money or a mortgage in Palafrugell's name. Because the original complaint was timely filed and the amended complaints relate back, the amended complaints were timely filed.

IV. Standing

We also find that the court erred in granting summary judgment for lack of standing. The funds wired to B & C's trust account were Palafrugell's shareholders' capital contributions, for which the investors received stock certificates. The money was wired "by order of Palafrugell," and B & C acknowledged as much by later writing, "we received and paid out the following monies on behalf of Palafrugell Holdings, Inc." The money no longer belonged to the investors individually after they deposited it into the escrow account and received stock certificates. Although the investors were indirectly injured, loss of the money was a direct and primary injury to Palafrugell.
Our reversal is without prejudice to the filing of a new motion for summary judgment on the issue of apparent authority.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] A claim for breach of fiduciary duty may arise out of either negligent or intentional conduct. When the conduct underlying the breach is intentional, the breach is intentional; when the conduct underlying the breach is negligent, the breach is negligent. See Allerton v. State Dept. of Insurance, 635 So.2d 36, 39 (Fla. 1st DCA 1994); Daniel v. Coastal Bonded Title Co., 539 So.2d 567, 568-69 (Fla. 5th DCA 1989).
[2] A claim for breach of fiduciary duty, coupled with a claim for legal malpractice, does not necessarily combine to form one claim for legal malpractice. Rather, a complaint containing each of these claims can be one in which the plaintiff is pleading in the alternative, a perfectly acceptable practice under Florida law. Fla .R.Civ.P. 1.110(g). If the plaintiff is unable to establish that there existed an attorney-client relationship, there is the possibility that some other form of fiduciary relationship existed, for example, that of escrow agent. See Mizrahi v. Valdes-Fauli, Cobb & Petrey, P.A., 671 So.2d 805 (Fla. 3d DCA 1996); Florida Bar v. Joy, 679 So.2d 1165 (Fla.1996) (holding that an attorney who accepts funds on behalf of two parties, only one of whom was his client, has a duty toward both parties).