940 So.2d 492 (2006)
PALAFRUGELL HOLDINGS, INC., etc., Appellant,
v.
Marwin S. CASSEL, etc., et al., Appellees.
No. 3D03-3140.
District Court of Appeal of Florida, Third District.
October 18, 2006.
*493 Arthur J. Morburger; Stephen M. Zukoff, Miami, for appellant.
Kluger, Peretz, Kaplan & Berlin, P.L., and Todd A. Levine and Abbey L. Kaplan, Miami, for appellees.
Before GREEN, WELLS and SHEPHERD, JJ.
SHEPHERD, J.
This is the second appearance of this case before this court. In Palafrugell Holdings, Inc. v. Cassel, 825 So.2d 937 (Fla. 3d DCA 2001)(Palafrugell I), we reversed a dismissal and final summary judgment in favor of appellees Marwin Cassel,[1] Esq., Marwin Cassel, P.A. and the law firm of Broad and Cassel in an action brought by Palafrugell against them for legal malpractice, negligent bailment, and breach of fiduciary duty arising out of alleged negligent disbursement of trust funds held for the benefit of Palafrugell. In so doing, we wrote that our reversal was "without prejudice to the filing of a new motion for summary judgment on the issue of apparent authority." Id. at 940. Appellees seized upon the suggestion and filed a second motion for summary judgment on this basis, which was granted by the trial court. Upon further de novo review, see Volusia County v. Aberdeen at Ormond Beach, 760 So.2d 126, 130 (Fla. 2000), we again reverse.

Factual and Procedural History
As more fully set forth in Palafrugell I, this case arises out of the representation by Marwin Cassel of Palafrugell Holdings, Inc. in the purchase of a 50 interest in a mortgage held by AAX, Inc. Five Mexican investors, secured by long-time Cassel client, Rodolfo Hernandez, wired funds totaling $350,000 to Cassel's law firm trust account "by order of Palafrugell Holdings, Inc." to consummate the purchase. Hernandez was neither an officer nor director of Palafrugell, but claimed to be a 61.1 shareholder of the corporation. Hernandez's duties included retaining Cassel and arranging the mortgage purchase. The investors were aware of Cassel's retention. Unbeknownst to them, however, Cassel followed a direction of Hernandez that the assignment of mortgage be prepared in Hernandez's name, and disbursed the funds without obtaining the approval of a Palafrugell officer or confirming that Hernandez *494 was authorized to use the money for his own personal benefit.[2]

Discussion
The trial court found that Hernandez had "at least apparent, if not actual authority" to instruct Cassel as "to the manner in which the mortgage transaction and disbursement of the $350,000" should be handled. The Florida Supreme Court has said that "[t]he acts of an agent, performed within the scope of his real or apparent authority, are binding upon his principal." Indus. Ins. Co. v. First Nat'l Bank, 57 So.2d 23, 26 (Fla.1952) (internal quotations omitted). However, that principle of law is qualified by the added principle that under some circumstances a party seeking to rely upon the representations of an agent may have a duty to inquire further. Id. ("The public have a right to rely upon an agent's apparent authority, and are not bound to inquire as to his special power, unless the circumstances are such as to put them upon inquiry."). Such a duty can arise in cases where, as here, Cassel relied upon an order from an intermediary to perform acts facially contrary to interests of his client.
It is beyond dispute in this case that Hernandez and the other investors agreed that Cassel would handle this transaction as corporate counsel for Palafrugell. In these circumstances, Cassel's duty of fidelity and loyalty was owed directly to Palafrugell. R. Regulating Fla. Bar 4-1.13; see also Rudolf v. Gray, Harris & Robinson, P.A., 901 So.2d 148, 150 (Fla. 5th DCA 2005) ("The Comments to the rule provides that when a lawyer represents an organization, the entity is the client, not the constituents of the organization."). It is also unrebutted on the record that when Palafrugell approved Hernandez as its agent to consummate the transaction, it did not authorize Hernandez to self-deal. Nevertheless, Cassel claims here that Hernandez was possessed of the apparent authority to order the escrow monies to be disbursed as they were, including one disbursement to Hernandez himself, and to direct the mortgage interest to be conveyed to him in his name alone. Cassel places primary reliance for this position on the allegedly extraordinary degree of obsequiousness displayed by the Mexican investors in reposing their confidence in Hernandez to consummate the transaction, coupled with beliefs held by Cassel based upon his past dealings with Hernandez. See Restatement (Third) of Agency § 2.03, Comment d. (2006)("Apparent authority is based upon a third party's understanding of signals of all sorts concerning the actor with whom the third party interacts" including the "type of transaction," "industry customs," "reasonable expectations based upon analogous circumstances," and "other relevant circumstances.")
We take no position of the merits of Cassel's argument. We note only that in concluding that Hernandez was possessed of apparent authority to direct the transaction as he did, the trial court failed to consider whether Hernandez's actions should have created a reasonable doubt in the mind of Cassel and caused him to inquire further of his client about the extent of the agent's authority. The record indicates that Palafrugell plainly raised *495 this counter-argument to Cassel's position in its own motion for summary judgment which was pending at the time the order on appeal was entered. Upon de novo review, we are unable to conclude "that there is no issue of material fact and that the moving party is entitled to judgment as a matter of law." See Fla. R. Civ. P. 1.510(c); Hawkins v. Townsend, 100 So.2d 89, 90 (Fla. 1st DCA 1958). For this reason, we reverse and remand the judgment rendered in favor appellees below.
Reversed.
NOTES
[1] We note that there exists in the record a suggestion of death of Marwin Cassel as having occurred on October 2, 1999 followed by a motion to dismiss this case as to him on the procedural ground that a motion for substitution of parties was not timely filed pursuant to Fla. R. Civ. P. 1.260(a). This motion apparently remains pending below.
[2] The mortgage assignment is dated September 13, 1994. The disbursements out of the account were as follows:

August 24, 1994, check to Secretary of State 225.00
August 31, 1994, check to Palafrugell Holdings, Inc. 6,400.00
August 31, 1994, Rodolfo Hernandez to repay advances 43,375.00
September 2, 1994, Secretary of
State to reinstate AAX, Inc. 775.00
September 12,1994, AAX, Inc. 25,000.00
September 12, 1994, Angel Aixala,
AAX, Inc. President 274,225.00