PALMER, C.J.
 

 In this negligence action, Randall Hen-nis appeals the final judgment entered by the trial court in accordance with the jury’s verdict. Finding no reversible error, we affirm.
 

 Hennis filed the instant negligence action against City Tropics, a restaurant and nightclub. The complaint explained that Hennis was physically battered by Michael Schmidt in the City Tropics’ parking lot as Hennis and his wife, along with their friends Brad and Kate Betten, were leaving the restaurant and walking toward their cars. Essentially, the facts established that Hennis, Schmidt, and Brad Betten brawled in the restaurant’s parking lot, resulting in Hennis being injured when he was hit by Schmidt on the head with a handgun. The complaint alleged that the battery and Hennis’ resulting injuries were the result of City Tropics’ negligent failure to maintain reasonable security measures.
 

 City Tropics filed an answer in which it denied liability and asserted the defense of comparative negligence. In asserting its comparative negligence claim, City Tropics alleged that, in addition to City Tropics’ negligence, the negligence of Hennis and Betten contributed to Hennis’ injuries.
 

 The jury returned a verdict in favor of Hennis, finding that the collective negligence of City Tropics, Hennis, and Betten was the legal cause of Hennis’ injuries. The jury apportioned fault as follows:
 

 City Tropics Bistro 25% negligent
 

 Randall Hennis 15% negligent
 

 Bradley Betten 60% negligent
 

 The trial court thereafter entered a final judgment in accordance with the jury’s verdict. This appeal timely followed.
 

 Hennis argues that the trial court reversibly erred, as a matter of law, in applying Florida’s comparative fault statute in this case, thereby improperly allowing the jury to apportion fault for the injuries he sustained as a result of his physical altercation with Michael Schmidt to not only City Tropics, but also to himself and to Betten. We disagree.
 

 Section 768.81 of the Florida Statutes (2007), sets forth Florida’s comparative fault statute. As explained by our Supreme Court in
 
 Gouty v. Schnepel,
 
 795 So.2d 959, 961 (Fla.2001), under the com
 
 *1154
 
 mon law doctrine of joint and several liability all negligent defendants were held responsible for the total amount of the plaintiffs damages regardless of the extent of each defendant’s fault in causing said damages. However, the Legislature’s enactment of section 768.81 represented a policy shift away from joint and several liability toward the apportionment of fault, with each defendant being held responsible only for its percentage of fault. Of importance to the instant appeal, the statute expressly applies only to negligence cases and does not apply to “any action based upon an intentional tort.”
 

 Hennis contends that the trial court erred in applying section 768.81 in this case in order to apportion fault for his injuries to himself and to Betten because his lawsuit against City Tropics for negligent failure to maintain reasonable security procedures was an action based upon an intentional tort committed by Schmidt. To support his argument, Hennis relies primarily on the ruling set forth by our Supreme Court in
 
 Merrill Crossings Associates v. McDonald,
 
 705 So.2d 560, 563 (Fla. 1997). However, the facts in the
 
 Merrill Crossings
 
 case are easily distinguishable from this case.
 

 In
 
 Merrill Crossings,
 
 appellee McDonald was shot and injured by an unknown assailant in the parking lot of a Wal-Mart store. McDonald filed a negligence suit against Wal-Mart and Merrill Crossings (the owner of the shopping center), alleging that his injuries were sustained as a result of the defendants’ failure to maintain reasonable security measures. Of importance to that appeal, during trial the trial court refused to place the name of McDonald’s assailant on the verdict form, relying on the language of section 768.81 which states that the apportionment statute does not apply “to any action based upon an intentional tort.” Upon review of the evidence presented, the jury returned a verdict finding Wal-Mart seventy-five percent negligent and Merrill Crossings twenty-five percent negligent for McDonald’s injuries. Wal-Mart appealed.
 

 On direct appeal, the First District rejected the argument that the trial court had erred in refusing to place the assailant’s name on the verdict form.
 
 Wal-Mart Stores, Inc. v. McDonald,
 
 676 So.2d 12 (Fla. 1st DCA 1996). In so ruling, the First District distinguished the case of
 
 Fabre v. Marin,
 
 623 So.2d 1182 (Fla.1993)
 
 [1]
 

 ,
 
 by noting that the conduct involved in
 
 Fabre
 
 which caused the damage was negligent conduct, not intentional tortious conduct. The court then accepted McDonald’s contention that the substance of his lawsuit arose from him being intentionally shot by an assailant and that, therefore, his lawsuit was “based on” an intentional tort and, as such, the trial court properly applied section 768.81 to exclude the assailant’s name from the verdict.
 

 The Supreme Court accepted review of the case. The Court first agreed with the district court that the
 
 Fabre
 
 case was not applicable to the case-at-hand because the Court in
 
 Fabre
 
 was dealing with two negligent tortfeasors whose negligence combined to produce the harm alleged, whereas in the
 
 Merrill Crossings
 
 ease the Court was dealing with negligent tortfeasors whose acts or omissions gave rise to an intentional tortfeasor’s actions. The Court further noted that the statutory language excluding actions “based on an intentional tort” effectuated a public policy against permitting negligent tortfeasors to reduce their liability by shifting it to another tort-
 
 *1155
 
 feasor whose intentional criminal conduct was a foreseeable result of the tortfeasor’s negligence. The Court wrote that
 

 it would be irrational to allow a party who negligently fails to provide reasonable security measures to reduce its liability because there is an intervening intentional tort, where the intervening intentional tort is exactly what the security measures are supposed to protect against.
 

 Merrill Crossings,
 
 705 So.2d at 562-563.
 

 The
 
 Merrill Crossings
 
 case is factually distinguishable from, and thus not legally controlling over, the situation presented in the case-at-bar since City Tropics did not seek to put Schmidt’s name on the verdict form or to apportion any fault to Schmidt. Of note, in
 
 Merrill Crossings,
 
 while refusing to allow apportionment to the intentional tortfeasor, the Court permitted apportionment between the two negligent tortfeasors — Wal-Mart and Merrill Crossings.
 

 The case of
 
 Burns International Security Services of Florida v. Philadelphia Indemnity Insurance Company,
 
 899 So.2d 361 (Fla. 4th DCA 2005) is factually similar to the instant case and supports the trial court’s decision to apply section 768.81.
 

 In
 
 Bums,
 
 the lawsuit arose from a theft which occurred in an industrial park where D & H leased warehouse space. Burns was the security company which provided security for the industrial park. Unknown persons broke into D & H’s rented space and stole merchandise. Philadelphia Indemnity provided coverage for D & H’s loss and thereafter filed a subrogation claim against Burns based upon the theory of negligent security. At trial, the jury entered a verdict in favor of Philadelphia Indemnity but apportioned the damages for D & H’s loss amongst Burns, D & H, ADT Security Services, and the Parkway Commerce Center (the owner of the industrial park).
 

 On appeal, Philadelphia Indemnity asserted that the trial court had improperly ruled that the apportionment provisions of section 768.81 applied to the action. In resolving the issue, the Fourth District held:
 

 Florida law allows Burns and defendants in similar negligence actions to apportion fault between themselves and negligent non-parties.
 
 See
 
 Fla. Stat. § 768.81 (2001);
 
 Fabre v. Marin,
 
 623 So.2d 1182, 1185-86 (Fla.1993). The trial court properly applied this law by including D & H and dismissed defendants Parkway Commerce Center, Ltd. (“Parkway”) and ADT Security Services, Inc. (“ADT”), as additional
 
 Fabre
 
 defendants, on the verdict form. The jury then determined that D
 
 &
 
 H, Parkway, and ADT each were also at fault, in part, for allowing the theft to occur.
 

 Philadelphia Indemnity misinterprets
 
 Fabre
 
 and its progeny by suggesting that the trial court should not have permitted this apportionment. In support of its claim, Philadelphia Indemnity cites three cases, all of which are inapplicable because they involve the question of apportionment between negligent parties and criminals who are deemed intentional tortfeasors.
 
 See Stellas v. Alamo Rent-A-Car, Inc.,
 
 702 So.2d 232 (Fla. 1997);
 
 Merrill Crossings Assocs. v. McDonald,
 
 705 So.2d 560 (Fla.1997);
 
 Slawson v. Fast Food Enters.,
 
 671 So.2d 255 (Fla. 4th DCA 1996).
 

 In these cases, this Court and the Florida Supreme Court clarified that, when a negligence claim involves an intentional tort, the intentional tortfeasor should not be listed on the verdict form. In particular, the courts stressed that liability should not be apportioned between a negligent party and a criminal.
 
 See
 
 
 *1156
 

 Stellas,
 
 702 So.2d at 238-34 (holding that attacker who smashed car window and stole purse should not be listed on verdict form);
 
 Merrill Crossings,
 
 705 So.2d at 562-63 (same for attacker who shot the plaintiff in parking lot);
 
 Slawson,
 
 671 So.2d at 259 (same for attacker who raped the plaintiff in restaurant, even though the rapist was a named defendant).
 

 Philadelphia Indemnity correctly notes the similarity between the instant case (which involves an alleged security lapse and resulting theft) and
 
 Merrill Crossings
 
 (which involved an alleged security lapse and resulting shooting). But Philadelphia Indemnity fails to mention some key details — namely, that in
 
 Merrill Crossings,
 
 the court permitted apportionment between the two negligent parties — Wal-Mart and Merrill Crossings, the owner of the shopping center where the store was located and where the shooting occurred — but refused to allow apportionment with the intentional tortfeasor.
 

 Following this reasoning, the trial court correctly allowed apportionment among the allegedly negligent parties in this case — D & H, Parkway, ADT, and Burns. The trial court did not address the issue posed by
 
 Merrill
 
 Crossings— whether to allow apportionment with an intentional tortfeasor — because Burns never sought to list the thieves on the verdict form or to apportion fault with them.
 

 Philadelphia Indemnity misunderstands
 
 Fabre
 
 and its progeny as well as Florida’s comparative fault statute. Under its view, a defendant in a negligent security case would never be able to apportion liability with other negligent parties (and non-parties). This interpretation is inconsistent with Section 768.81, which the trial court properly applied in this case. Although the intentional criminal acts of unknown persons who broke into D & H’s warehouse and absconded with the merchandise caused D & H’s loss, the action against Burns is not based upon an intentional tort but instead is based on the negligent manner in which Burns conducted its security responsibilities. Philadelphia Indemnity cites to no case in this state which holds that Section 768.81, Florida Statutes, does not apply to cases in which the theory of recovery is negligence. In the instant case, it is the negligent tortfeasors who are being held liable and there is no attempt to apportion damages based upon the intentional criminal conduct of the perpetrator of the theft.
 

 Burns,
 
 899 So.2d at 365. We find this reasoning persuasive and adopt it as our own.
 

 Application of the general rules of statutory construction also supports our decision to affirm the trial court’s ruling in this case. In that regard, in construing a statute, the courts must “look first to the statute’s plain meaning.”
 
 Moonlit Waters Apartments, Inc. v. Cauley,
 
 666 So.2d 898, 900 (Fla.1996). As our court explained in
 
 State v. Mason,
 
 979 So.2d 301 (Fla. 5th DCA 2008):
 

 The courts’ job in construing a statute is to give effect to the Legislature’s intent.
 
 State v. J.M.,
 
 824 So.2d 105, 109 (Fla. 2002). To determine legislative intent, courts look first to the plain language of the statute.
 
 Joshua v. City of Gainesville,
 
 768 So.2d 432, 435 (Fla.2000).
 

 Id.
 
 at 303.
 

 The plain language of section 768.81 of the Florida Statutes states that the apportionment provisions apply to “negligence cases”. Here, Hennis’ lawsuit against City Tropics was based on the theory of negligent security, and City Tropics’ claim for apportionment against
 
 *1157
 
 Hennis and Betten was based on their alleged comparative negligence. As such, as for the issues before the trial court, there was no claim submitted by either party “based upon an intentional tort”; therefore, the trial court properly concluded that section 768.81 applied to permit the jury to apportion damages amongst the joint negligent tortfeasors.
 

 AFFIRMED.
 

 SAWAYA and ORFINGER, JJ., concur.
 

 [1]
 

 .
 
 See Fabre v. Marin,
 
 623 So.2d 1182, 1185 (Fla.1993)(construing Florida's comparative negligence statute to allocate fault to all participants of negligent action based on the Legislature's curtailment of joint and several liability).