485 So.2d 477 (1986)
Vincent Charles MAZZILLI and Charles Story, Appellants/Cross-Appellees,
v.
James W. DOUD and the City of Hialeah, Appellees/Cross-Appellants.
Nos. 83-2212, 83-2217.
District Court of Appeal of Florida, Third District.
March 25, 1986.
*478 Leesfield & Blackburn and Mark A. Dresnick; Stinson, Lyons & Schuette and Douglas S. Lyons, Miami, for appellants/cross-appellees.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael A. Mullen, Miami, for appellees/cross-appellants.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The appellants, Vincent Charles Mazzilli and Charles Story, were the plaintiffs below in a personal injury action against the City of Hialeah and one of its police officers, James Doud. A jury found, inter alia, that Doud committed an assault and battery upon the plaintiffs; that Doud was negligent and his negligence was the legal cause of the plaintiffs' damages (for which the City was responsible through the doctrine of respondeat superior); that Doud had violated the plaintiffs' civil rights through his actions; that the damages to Mazzilli and Story were $400,000 and $900,000, respectively; and that Story's negligence was a thirty-five percent contributing cause of his injuries. The plaintiffs' claims that the City had violated their civil rights did not meet with similar success; the trial court found that the plaintiffs failed to sufficiently prove a custom or policy on the part of the City requisite to a finding of liability under Title 42, United States Code, Section 1983, and directed a verdict in the City's favor. It is this action by the trial court that forms the basis of the plaintiffs' appeal. The basis of the defendants' cross-appeal is their contention that the evidence is not sufficient to establish Doud's negligence and that the final judgment entered by the trial court, insofar as it awarded Story $900,000, did not conform to the verdict which found him thirty-five percent responsible for his damages. The defendant Doud separately contends that the evidence is not sufficient to establish the commission of an assault and battery or that he violated the plaintiffs' civil rights.
On the night of the events giving rise to this action, Mazzilli and Story were agents of the Drug Enforcement Administration, setting out to serve an arrest warrant on a *479 suspected cocaine dealer. When they, and six other DEA agents in three additional unmarked vehicles, learned that their plan to serve the suspect upon his return to his residence might endanger the life of a confidential informant and that the suspect may have recognized Mazzilli as a federal agent during the tailing of the suspect's vehicle, a decision was made to effectuate the arrest immediately.
Story and Mazzilli pulled their vehicle in front of the suspect's, cutting it off at an intersection; the other DEA agents pulled in behind the suspect. Story and Mazzilli exited their vehicle, identified themselves as federal agents, and advised the suspect that he was under arrest. Gunfire came from the suspect's vehicle; Story, Mazzilli and other agents returned the fire. Enter Officer Doud, uniformed and driving a marked police car, on routine patrol for the City of Hialeah. Doud's first thought that a five-car automobile accident had taken place was dispelled when he heard gunfire. He stopped his vehicle and got out, service revolver in hand. Doud admitted at trial that he "had no idea who was there, what they were doing, or anything"; he believed a felony was being committed, but did not know who was committing it.
Story was attempting to subdue the driver of the suspect vehicle. As he reached inside the suspect's vehicle, one of the other two occupants of the vehicle shot Story in the right hip. The force of the gunshot spun Story around, and as he was falling, he was shot a second time by one of the occupants of the vehicle. Story fell to the ground wounded and began rolling away from the suspect's vehicle when he saw a police car and Officer Doud standing next to it. Doud was about fifteen feet away from Story. Story testified that he saw Doud's weapon "light up," and he felt a gunshot to his back left side. Story testified that he threw his hands out and yelled to Doud, "Police  don't shoot," but Doud fired again hitting the pavement next to Story. When Doud shot Story, Story's gun was empty and on the ground by the car eight feet away.
Mazzilli was shot in the back by Doud while Mazzilli was running away from the scene of the confrontation. Mazzilli's gun had run out of ammunition, and he was running in a direction opposite from the direction of Doud's vehicle. Although Doud claimed that Mazzilli had turned on him with a weapon, Mazzilli testified that he never turned towards Officer Doud.
We affirm the directed verdict for the City on the plaintiffs' claim that the City violated their civil rights. Essential to any recovery in an action brought against a municipality under Title 42, United States Code, Section 1983, is a showing that the alleged constitutional deprivation flowed from an official policy or custom of the municipality, and that the policy or custom was "the moving force of the constitutional violation." Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611, 638 (1978). Neither the evidence in this record, nor the evidence which the plaintiffs assert was wrongfully excluded,[1] shows that Doud's actions in shooting at and wounding the plaintiffs occurred as a result of such a policy or custom.
On the cross-appeals, we affirm the judgment against Doud and the City entered on the jury's findings that Doud committed an assault and battery and was negligent. There was ample evidence to support these findings and, despite the defendants' contention to the contrary, ample evidence from which the jury could have concluded that Doud did not reasonably believe his use of force to be necessary either to defend himself or to effect the arrest of felons. See § 776.05, Fla. Stat. (1979).
*480 Although it is true that the plaintiff Story was found to be thirty-five percent contributorily negligent, that does not, as the defendants urge, mean that the judgment in Story's favor must be reduced. As we have noted, the jury, in addition to finding Doud negligent, found that he had committed an assault and battery.[2] Even as contributory negligence did not under former law bar an action for a tort legally classified as intentional, Deane v. Johnston, 104 So.2d 3 (Fla. 1958), comparative negligence is not a defense to such a tort action under present law. Honeywell, Inc. v. Trend Coin Co., 449 So.2d 876, 879 (Fla. 3d DCA 1984). See Villines v. Tomerlin, 206 Cal. App.2d 448, 23 Cal. Rptr. 617 (1962) (contributory negligence no defense to assault and battery). Thus, the trial court correctly refused to reduce the $900,000 judgment in Story's favor.
Lastly, we agree with Doud's contention that the evidence is insufficient to establish that he violated the plaintiffs' civil rights. The United States Supreme Court has recently overruled its declaration in Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), that mere lack of due care by a state official may deprive an individual of life, liberty or property under the Fourteenth Amendment to the United States Constitution and has now concluded that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. at ___, 106 S.Ct. at 663, 88 L.Ed.2d at 666 (1986) (emphasis in original). In the case before us, the jury, in answer to special interrogatories posed to them in the verdict form and as a predicate to its refusal to award punitive damages, expressly found that Doud was negligent only and that his negligence was not "willful, wanton or reckless" and did not exhibit "a disregard for the lives or safety of others." Therefore, even if, arguendo, "something less than intentional conduct, such as recklessness or `gross negligence,' is enough to trigger the protection of the Due Process Clause," Daniels v. Williams, 474 U.S. at ___ n. 3, 106 S.Ct. at 667 n. 3, 88 L.Ed.2d at 670 n. 3, no such recklessness or gross negligence was found to exist here.
In sum, the directed verdict in favor of the City of Hialeah on the plaintiffs' claim that the City violated their civil rights is affirmed; the judgment against Doud on the plaintiffs' claim that he violated their civil rights is reversed, with directions to enter judgment in Doud's favor on that claim. There being no viable civil rights action against the defendants, the reservation of jurisdiction to award attorneys' fees is ordered stricken from the judgment. In all other respects, the final judgment under review is affirmed.
Affirmed in part; reversed in part.
JORGENSON, J., concurs.
SCHWARTZ, Chief Judge (specially concurring in part).
Although I agree with the majority's conclusion that there is no liability under 42 U.S.C. § 1983,[1] I reach this determination on two grounds which both differ from the reasons assigned by the court.
*481 1. First, I believe that the conduct of Officer Doud, the use of excessive force in effecting an arrest and in resisting a supposed attack upon him  although characterized by the law of Florida as involving the intentional tort of battery  does not amount to a "deprivation" of the plaintiff's due process rights within the meaning of § 1983. See Daniels v. Williams, 474 U.S. ___, 106 S.Ct. 662, 88 L.Ed.2d 622 (1986). While the Supreme Court has never specifically determined this issue, see City of Oklahoma City v. Tuttle, 471 U.S. ___, ___ n. 4, 105 S.Ct. 2427, 2433 n. 4, 85 L.Ed.2d 791, 800 n. 4 (1985); see also Daniels, 474 U.S. at ___ n. 3, 106 S.Ct. at 667 n. 3, 88 L.Ed.2d at 670 n. 3 (reserving issues of whether recklessness or gross negligence may be "deprivations"); Whitley v. Albers, ___ U.S. ___, ___, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (same), the thrust of its recent opinions is obviously in the direction of the determination that a simple, non-vindictive miscalculation by a police officer of the extent of force required to counter a particular threatening situation does not involve a "deliberate decision" and thus does not rise "to the level of a constitutional tort," Daniels, 474 U.S. at ___, ___, 106 S.Ct. at 665, 664, 88 L.Ed.2d at 668, 667. See Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443 (1979) (intentional tort of "false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.")[2]
2. Even if, arguendo, Doud's actions are properly considered as a "deprivation" of the plaintiffs' interests in freedom from bodily injury,[3] they give rise to liability under § 1983 only if they occurred "without due process of law."[4] As is either specifically held or strongly indicated in all of the otherwise disparate opinions in the companion cases of Daniels v. Williams, supra, and Davidson v. Cannon, 474 U.S. ___, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); see Daniels, 474 U.S. at ___ n. 1, 106 S.Ct. at 666 n. 1, 88 L.Ed.2d at 669 n. 1 (majority opinion); Davidson, 474 U.S. at ___, 106 S.Ct. at 676, 88 L.Ed.2d at 689 (Blackmun, J., dissenting); Daniels and Davidson, 474 U.S. at ___, 106 S.Ct. at 680, 88 L.Ed.2d at 675 (Stevens, J., concurring in the judgments), to prevail on this issue, plaintiffs "must demonstrate that the state procedures for redressing injuries of this kind"  here, the permissible actions for damages under Florida law  "are constitutionally inadequate."[5] 474 U.S. at ___, 106 S.Ct. at 680, 88 L.Ed.2d at 675 (Stevens, J., concurring in the judgments); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).
It is plain that the plaintiffs can make no such showing. The only arguable differences between the relief afforded under § 1983 and by Florida law  the inability under § 768.28(5), Fla. Stat. (1979), which *482 applies alike to all claims against government subdivisions, to recover punitive damages or more than $50,000[6] per claim in compensatory damages against the city  do not mean that "state remedies are not adequate to satisfy the requirements of due process." Parratt v. Taylor, 451 U.S. at 544, 101 S.Ct. at 1917, 68 L.Ed.2d at 434. In my view, quite the contrary is the case. Parratt. Compare Davidson, 474 U.S. at ___, 106 S.Ct. at 671, 88 L.Ed.2d at 683 (Blackmun, J., dissenting) (expressing view that total inability to recover because of state immunity statute renders claim actionable under § 1983), with Daniels and Davidson, 474 U.S. at ___, 106 S.Ct. at 680, 88 L.Ed.2d at 675 (Stevens, J., concurring in the judgments) (expressing contrary view that even complete immunity is not constitutionally inadequate since no "fundamental unfairness" demonstrated.)[7]
I otherwise agree with the majority opinion.
NOTES
[1] The excluded evidence consisted of reports of sixteen prior incidents in a three-and-one-half-year period in which a police officer discharged a weapon. None of the incidents were similar to the instant case, all were investigated by the City, and all met with different results, including reprimand, depending on the differing circumstances. The evidence actually adduced established, at most, inadequate training of Doud in weapons use, but hardly established a City policy to select or train its police officers inadequately.
[2] "The intent required for battery is only an intent to bring about a [harmful or offensive] contact." W. Prosser, W. Keeton, The Law of Torts, § 90.42 (5th ed. 1984). Thus, since Doud indisputably intended to shoot the plaintiffs, he was properly found liable for battery. In contrast, a Section 1983 claim requires proof of more than the defendants' intent to bring about the contact. See Daniels v. Williams, 474 U.S. ___, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).
[1] 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
[2] In Daniels, 474 U.S. at ___, 106 S.Ct. at 664, 88 L.Ed.2d at 667, the court specifically adhered to the holding of Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) that, unlike its criminal counterpart, 42 U.S.C. § 1983 does not involve a "state-of-mind requirement" that the actor intend to deprive the victim of a federal right. Parratt, 451 U.S. at 534, 101 S.Ct. at 1912, 68 L.Ed.2d at 428. Hence, I believe the position indicated at n. 2 of the opinion of the court is not justified.

Moreover, I do not believe, as the court seems to hold at page 480 of its opinion, that we may, in determining the kind of activity involved for § 1983-Daniels purposes, disregard the specific jury finding that an assault and battery occurred. This is particularly true since, in contrast, the court rightly invokes the identical verdict in holding that comparative negligence is not a defense.
[3] Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).
[4] The rule is different and a § 1983 action lies regardless of the adequacy of a state remedy when, unlike this case, a violation of a specific Bill of Rights guarantee or of substantive due process is involved. See Daniels and Davidson, 474 U.S. at ___, ___, ___ n. 16, 106 S.Ct. at 677, 678, 679 n. 16, 88 L.Ed.2d at 672, 673, 674 n. 16 (Stevens, J. concurring in the judgments).
[5] See supra n. 4.
[6] The figure is now $100,000.00. See § 768.28(5), Fla. Stat. (1985).
[7] Because of my opinion that no § 1983 action lies at all in this case, I would not reach the question of municipal responsibility under these facts. I do not, however, disagree with the majority's treatment of the issue at pages 479-480 of the opinion.