Waldo M. **PEREZ,** Plaintiff,

v.

**SCHOOL BOARD OF MIAMI–DADE COUNTY, FLORIDA, et al.,** Defendants.

No. 12–23460–CIV.

United States District Court, S.D. Florida.

Jan. 17, 2013.

Benedict P. Kuehne, Susan Dmitrovsky, Law Office of Benedict P. Kuehne, P.A., Miami, FL, for Plaintiff.

Benjamin Michael Esco, Cole Scott & Kissane, Warren Bittner, Henry Joseph Hunnefeld, Miami City Attorney's Office, Jon Michael Kreger, Ronald Jay Cohen, Ronald J. Cohen, P.A., Miami, FL, Christopher J. Stearns, Jr., E. Bruce Johnson, Johnson, Anselmo, Murdoch, Burke, Piper & Hochman PA, Fort Lauderdale, FL, Oscar Edmund Marrero, Lourdes Espino Wydler, Law Offices of Oscar E. Marrero, Coral Gables, FL, for Defendants.

### ORDER ON MOTIONS TO DISMISS

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court on motions to dismiss filed by Defendants

City of West Miami (D.E. 8), City of Miami (D.E. 16), the School Board of Miami–Dade County and Officer Angel Rodriguez (D.E. 20), Officer Edgar Diaz (D.E. 21), Officers Walter Lewis and Jay Desai (D.E. 22), and Officer Marco A. Caceres (D.E. 40).

THE COURT has considered the motions and the pertinent portions of the record and is otherwise fully advised of the premises. For the reasons detailed below, the motions to dismiss are granted. The Plaintiff is granted leave to amend the complaint within 10 days of the entry of this Order.

## I. The Complaint

Plaintiff's eighteen-count complaint seeks damages, pursuant to 42 U.S.C. § 1983 and state tort law, for injuries that law enforcement officers inflicted on the Plaintiff during a traffic incident and Plaintiff's subsequent arrest. The instant motions challenge the sufficiency of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On a Rule 12(h)(6) motion to dismiss, the Court considers the complaint in its entirety, including documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). In this case, the complaint alleges the following facts:

Plaintiff rear-ended a light pole with his car in the La Palma Restaurant parking lot on or about 5:20 A.M., October 18, 2009. (D.E. 1–1 at 6.) As he exited his car to examine the damage. Defendant Rodriguez, a School Board police officer, ordered Plaintiff to stop, move away from the motor vehicle, and produce a driver's licence and registration. *Id.* Officer Rodriguez then took the car keys from Plaintiff and ordered Plaintiff to put his hands behind his back to prepare to be arrested. *Id.* Plaintiff acted as instructed and did not resist. *Id.* Defendant Diaz, an officer of the West Miami Police Department, arrived at the scene to assist Officer Rodriguez. *Id.* at 7. In the course of arresting Plaintiff, Officers Rodriguez and Diaz pushed Plaintiff to the ground. *Id.* At no time did Plaintiff resist arrest or provoke the officers into using force. *Id.* While Plaintiff lay face down on the ground. Officers Rodriguez and Diaz, acting together, shocked Plaintiff with a Taser. *Id.*

Officers Rodriguez and Diaz then sought the assistance of the City of Miami Police Department, which dispatched Defendant Officers Caceres, Lewis, and Desai to the scene. *Id.* In the presence of all of these Defendants, Plaintiff was repeatedly struck by one or more of the police officers. *Id.* The City of Miami police officers then arrested Plaintiff for the felony of battery on a police officer and for driving under the influence. *Id.* at 8. The police transported Plaintiff to jail, where he remained overnight. *Id.* The State Attorney's office refused to charge Plaintiff with battery on a police officer, and ultimately dismissed the charge of driving under the influence. *Id.* Plaintiff was not convicted of any charges as a result of this incident. *Id.*

## II. The Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the basis that it fails to state a claim upon which relief can he granted. The Court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir.2010). But merely conclusory allegations will not suffice; there must be some factual allegations that make the alleged right to relief more than simply speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[T]he complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S.Ct. 1937.

Prior to *Twombly* and *Iqbal,* the Eleventh Circuit imposed a heightened pleading standard on civil-rights complaints that implicated qualified immunity. *See GJR Investments, Inc. v. Cnty. of Escambia, Fla.,* 132 F.3d 1359, 1367 (11th Cir.1998) (explaining that when disposing of motion to dismiss § 1983 claim on qualified immunity grounds, court is guided by heightened pleading requirement), *abrogated by Randall v. Scott,* 610 F.3d 701, 716 (11th Cir.2010). But the Eleventh Circuit has since dispensed with that requirement, and held that civil-rights complaints, like all others governed by Rule 8, must comply with the plausibility standard of *Twombly* and *Iqbal. See Randall,* 610 F.3d at 716 (11th Cir.2010.) (holding that "§ 1983 cases involving qualified immunity shall now be held to comply with the pleading standards described in *Iqbal* ").

■ It remains the case, however, that when qualified immunity is raised on a motion to dismiss, as it is here, the facts of the complaint must set forth the violation of clearly-established constitutional right. If the complaint fails in this regard, the motion to dismiss will be granted. *See Williams v. Ala. State Univ.,* 102 F.3d 1179, 1182 (11th Cir.1997) ("The question of qualified immunity should be resolved in the defendant's favor on a motion to dismiss if the plaintiff fails to allege the violation of a clearly established constitutional right.").

### III. Municipal Liability Pursuant to 42 U.S.C. § 1983 (Counts 1–3)

Counts 1–3 allege civil-rights violations against the School Board, West Miami, and Miami (the "municipal Defendants"). These counts fail to state a claim because they fail to identify a municipal custom or policy that caused Plaintiff's injury. Although it appears from the facts of this complaint that Plaintiff likely will be unable to make a municipal liability claim, Plaintiff may include these claims in an amended complaint if he is able to allege sufficient factual matter to support municipal liability.

■ There are two means by which a plaintiff can establish a municipal policy or custom: (1) identify an officially-promulgated policy of the municipality, or (2) identify an unofficial custom or practice as shown by repeated acts of a final policymaker for the municipality. *Grech v. Clayton Cnty., Ga.,* 335 F.3d 1326, 1329 (11th Cir.2003). Plaintiff alleges no facts that permit the inference that either of the circumstances existed with respect to any of the municipal defendants.

■ The complaint's allegations stem from a single incident that occurred between the Plaintiff and five individual police officers at the La Palma Restaurant on October 18, 2009. Plaintiff argues that it is reasonable to infer, from this sole occurrence, that the police officers acted pursuant to some municipal policy or practice. But "[t]hat a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation: the plaintiff will simply have shown that the *employee* acted culpably.'" *Bd. of Cnty. Comm'r of Bryan Cnty., Okla. v. Brown,* 520 U.S. 397, 406–07, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *see also Moss v. Kopp,* 559 F.3d 1155, 1169 (10th

Cir.2009) ("[A] single incident of unconstitutional activity is ordinarily not sufficient to impose municipal liability [pursuant to § 1983], and where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued."). The facts of the complaint, which allege a single incident without more, therefore do not give rise to a reasonable inference that the municipal entities are liable for the deprivation of rights suffered by Plaintiff.

Plaintiff also argues that the municipal defendants are liable under § 1983 on a failure-to-train theory. In Counts 16, 17, and 18, which allege negligence against the municipal Defendants, Plaintiff alleges that the municipalities negligently failed to train their officers regarding the constitutional rights of public citizens. (D.E. 1–1 at 28–32.) This is not a fact allegation, but rather a conclusory statement of Plaintiff's theory of liability. Such a bare assertion of liability is not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")(citing *Twombly*, at 555, 127 S.Ct. 1955).

Furthermore, Plaintiff's fact allegations do not make his right to relief anything more than speculative. Inadequate police training can ground a municipal liability claim under § 1983. *See City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("a city can be liable under § 1983 for inadequate training of its employees"). But "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.... To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Connick v. Thompson*, —— U.S. ——, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (quoting *Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). A standard of fault less stringent than deliberate indifference "would result in *de facto respondeat superior* liability on municipalities ...." *Connick*, 131 S.Ct. at 1360 (quoting *Canton*, 489 U.S. at 395, 109 S.Ct. 1197).

■ Therefore, even if the Court accepted as true the allegation that the municipal entities *negligently* failed to train its officers, Plaintiff still would not, be entitled to relief on the facts alleged because municipal negligence does not give rise to municipal liability on § 1983 claim based on a failure-to-train theory, Plaintiff must allege facts that permit the reasonable inference that the municipalities acted with deliberate indifference. Plaintiff fails to do so, and therefore, Counts 1, 2, and 3 will be dismissed for failure to state a claim. As previously stated, however, Plaintiff may attempt to re-plead but the amendment must include sufficient facts to support his claims.

## IV. Liability of Officers in Their Official Capacities (Counts 4, 5 & 6)

■ Counts 4, 5 and 6 allege § 1983 claims against Officers Rodriguez (Count 4), Diaz (Count 5), and Caceres, Lewis, and Desai (Count 6), in both their official and individual capacities. Plaintiffs claims against the officers in their official capacities are in reality claims against the municipal entities with which the officers are employed, and will be treated as such. *See Cook ex rel. Estate of Tessier v. Sheriff*

of Monroe Cnty., Fla., 402 F.3d 1092, 1115 (11th Cir.2005) ("Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.... [A]n official-capacity suit is, in all respects other than name, to he treated as a suit against the entity.") (quoting *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Therefore Counts 4, 5, and 6, to the extent they state official-capacity claims, are actually municipal liability claims parallel to those asserted in Counts 1, 2 and 3. And for the same reasons that Plaintiff failed to state a claim against the municipalities named in Counts 1, 2, and 3, Plaintiff fails to state a claim against the officers in their official capacities in Counts 4, 5, and 6. Therefore these counts will be dismissed as against the officers in their official capacities.

### V. Individual Liability Pursuant to 42 U.S.C. § 1983 (Counts 4, 5 & 6)

To state a § 1983 claim against the Defendant officers in their individual capacities, Plaintiff must allege that each officer, while acting under color of state law. violated a right secured by the Constitution and laws of the United States. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Furthermore, because the Defendants have raised qualified immunity as a defense, Plaintiff must allege that the officers violated a clearly-established right. *Williams,* 102 F.3d at 1182.

In Counts 4, 5, and 6, Plaintiff alleges that the individual officers violated his Fourth, Fifth, and Fourteenth Amendment rights by arresting him unlawfully and by employing excessive force against him in the course of the arrest. These counts also allege that the officers violated comparable provisions of the Florida Constitution, but the violation of a state law cannot support a § 1983 claim, because § 1983

protects only rights secured by federal law.

■ As a preliminary matter, the facts of the complaint do not allege a Fifth or Fourteenth Amendment violation. While it is true that the Due Process clauses of the Fifth and Fourteenth Amendments can, in some circumstances, support an excessive-force claim, a claim that law enforcement employed excessive force in the course of an arrest is analyzed under the Fourth Amendment. *See Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."). Likewise, it is the Fourth Amendment that protects "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures," U.S. Const. Amend. IV, and thus governs Plaintiff's claim of unlawful arrest.

To establish a Fourth Amendment violation, Plaintiff must demonstrate that a seizure occurred, and that it was unreasonable. *Skop v. City of Atlanta, Ga.,* 485 F.3d 1130, 1137 (11th Cir.2007). An arrest is a seizure of the person, and an arrest may be unreasonable if executed without probable cause. *Id.; see also Devenpeck v. Alford,* 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004) ("[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."). It may also be unreasonable if effected with excessive force. *Graham,* 490 U.S. at 395–96, 109 S.Ct. 1865.

■ In this case, the only reasonable inference to be drawn from the facts of the

complaint are that the officers had probable cause to arrest Plaintiff. Probable cause to arrests exits "when the facts an circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *McCormick v. City of Ft. Lauderdale*, 333 F.3d 1234, 1243 (11th Cir.2003). The standard is one of *objective* reasonableness. *See Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). It is irrelevant, therefore, that some or all of the officers in this case may have acted with malicious purpose or in bad faith. Additionally, probable cause does not need to exist for the specific crimes charged, so long as probable cause exists to believe that Plaintiff committed some offense, any offense, no matter how minor. *Devenpeck*, 543 U.S. at 153, 125 S.Ct. 588 (holding that because arresting officer's state of mind is irrelevant, probable cause need not exist for crime charged by arresting officer, or even for closely-related crime).

In addition, the Supreme Court has held that even minor traffic offenses can form the basis for a full custodial arrest. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.") In this case, the complaint alleges that Plaintiff backed into a light pole, and that Officer Rodriguez immediately appeared to conduct a traffic stop. The only reasonable inference is that Officer Rodriguez witnessed Plaintiff backing into a pole, a fact that would cause a prudent person to

believe that Plaintiff had backed unsafely, a violation of Florida Statute section 316.1985(1).

Additionally, pursuant to the collective knowledge doctrine, if Officer Rodriguez knew of facts to support probable cause, that knowledge is imputed to the officers with which he was cooperating. *See United States v. Willis*, 759 F.2d 1486, 1494 (11th Cir.1985) (holding that probable cause exists if based on the facts and circumstances within collective knowledge of law enforcement) (citing *United States v. Esle*, 743 F.2d 1465, 1476 (11th Cir.1984) (looking "to the collective knowledge of the officers in determining probable cause")). All of the officers, therefore, had probable cause to arrest Plaintiff. Plaintiff therefore fails to allege a Fourth Amendment violation based on lack of probable cause.

■ The complaint states a more plausible claim for a Fourth Amendment violation based on the use of excessive force. "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir.2002) (citing *Graham v. Connor*, 490 U.S. 386, 394–95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). Defendants argue that the complaint fails to state an excessive force claim because it alleges that the officers acted together to Taser or beat Plaintiff, but fails to specify which officers deployed the Taser or delivered each blow. But the Eleventh Circuit has "expressly rejected the argument that 'the force administered by each defendant in [a] collective beating must be analyzed separately to determine which of the defendants' blows, if any, used excessive force.'" *Velazquez v. City of Hialeah*, 484 F.3d 1340 (11th Cir.2007) (quoting *Skrtich v. Thornton*, 280 F.3d 1295, 1302 (11th

Cir.2002)). Because an officer who fails to intervene is just as liable as the officer who delivers the excessive blow, it is sufficient for the Plaintiff to allege that all of the officers were present during the beating, and that at least one officer used excessive force. *Id.* (holding that testimony that two officers were present during beating permits inference that both administered excessive force, or that one did so and the other failed to intervene).

Plaintiff has sufficiently alleged a Fourth Amendment violation based on the use of excessive force. The Court will nevertheless dismiss Counts 4, 5, and 6. and permit. Plaintiff to re-plead in light of the fact that the officers have raised qualified immunity as a defense. When qualified immunity is raised, Plaintiff must plead facts showing that, at the time of the beating the law clearly established that the force used by the officers was excessive. There are two ways for Plaintiff do to so. First, Plaintiff may allege facts that are materially similar to the facts of a case that has already decided that what the police officer was doing was unlawful. *Lee,* 284 F.3d at 1198 (quoting *Willingham v. Loughnan,* 261 F.3d 1178, 1187 (11th Cir.2001)). "[D]ecisions of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state (here, the Supreme Court of Florida) can clearly establish the law." *McClish v. Nugent,* 483 F.3d 1231, 1237 (11th Cir.2007) (citing *Marsh v. Butler County,* 268 F.3d 1014, 1032 n. 10 (11th Cir.2001) (en banc)). If no such case exists. Plaintiff must allege facts showing "that the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." *Lee,* 284 F.3d at 1198–99.

## VI. State Law Claims (Counts 7–18)

█ Counts 7 through 18 allege that the Defendants are liable to Plaintiff pursuant to various theories grounded in state law. As a preliminary matter, Florida's sovereign immunity statute renders the liability of the officers and their respective employers mutually exclusive. *See* Fla. Stat. § 768.28(9)(a) (waiving sovereign immunity and making action against municipality sole cause of action for torts committed by municipal employees, unless employee acted in bad faith, in which case sovereign immunity is not waived). Therefore with respect to these counts, either the officer, or the employer, or neither is liable to Plaintiff, but both cannot be liable to Plaintiff. Plaintiff must therefore plead his claims against each Defendant separately. Plaintiff may plead liability in the alternative, but must do so in separate counts.

█ Counts 7, 8, and 9 allege assault and battery claims against the officers and their municipal employers. "If excessive force is used in an arrest, the ordinarily protected use of force by a police officer is transformed into a battery." *City of Miami v. Sanders,* 672 So.2d 46, 47 (Fla.Dist. Ct.App.1996) (citing *Mazzilli v. Doud,* 485 So.2d 477, 481 (Fla.Dist.Ct.App.1986)). Furthermore, "the use of excessive force by an officer in effecting an arrest may render the public employer liable for the intentional torts inflicted thereby." *Hennagan v. Dep't of Highway Safety & Motor Vehicles,* 467 So.2d 748 (Fla.Dist.Ct. App.1985) (noting that certain actions may exceed authority but be within the scope of employment). Because sovereign immunity is at issue, however, Plaintiff must plead each claim as a separate count.

█ Counts 10, 11, and 12 allege false arrest claims against the Defendants, and Counts 13. 14, and 15 allege false imprisonment. Probable cause is a defense to false

arrest and false imprisonment claims, see *Willingham v. City of Orlando,* 929 So.2d 43, 48 (Fla.Dist.Ct.App.2006), and *S.H. Kress & Co. v. Powell,* 132 Fla. 471, 180 So. 757, 762 (1938), and therefore, with respect to these counts, the complaint suffers the same defect that it suffers with respect to the § 1983 claim for unlawful arrest: the facts of the complaint establish probable cause. It therefore appears unlikely that Plaintiff will be able to state amended claims for false arrest and false imprisonment. Plaintiff may nevertheless include these claims in his amended complaint, so long as he is able to allege facts that permit an inference that the officers lacked probable cause.

Counts 16, 17, and 18 allege that the municipal Defendants are liable for the negligent hiring, training, and supervision of the officers that beat and arrested Plaintiff. Each of these claims is entirely conclusory. In the way of facts, the complaint alleges only one excessive force incident. It is not plausible to infer, on the basis of one incident, that the municipal Defendants knew or should have known that the officers they employed presented a danger to the public. Accordingly, these Counts fail to state a claim and will be dismissed, however as with the other claims, Plaintiff amend if he is able to allege sufficient facts to support his claims.

### VII. Conclusion

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the motions to dismiss (D.E. 8. 16, 20, 21, 22 & 40) are hereby GRANTED. The complaint (D.E. 1) is DISMISSED WITHOUT PREJUDICE. It is further

ORDERED AND ADJUDGED that Plaintiff is granted leave to amend within 10 days of the entry of this order.