BENTON, J.
In this “Engle progeny” case, two tobacco companies appeal the judgment entered against them in the wrongful death action Nan Kathryn Buchanan brought after her *1157 husband died. See generally Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006). We affirm.
The companies argue that the trial court abused its discretion in limiting cross-examination of Mrs. Buchanan, and perhaps other family members, as well, regarding brands of cigarettes the decedent may have smoked that the defendants did not manufacture. But appellants concede that they entered into the following stipulation:
The Remaining Defendants [appellants here] agree to waive their rights to list the Dismissed Defendants ... on the verdict form in this action. The Remaining Defendants also stipulate that any smoking by Decedent Mitchell Ivan Buchanan of any cigarettes manufactured by the Dismissed Defendants was minimal and did not directly and in natural and continuous sequence produce or contribute substantially to producing any injury sustained by the Decedent, if any, that was caused by smoking cigarettes.
While plainly this stipulation did not address the scope of cross-examination, as such, the trial court had discretion to limit cross-examination, in order, among other things, to avoid confusion of the issues, as narrowed by the parties’ stipulation. See § 90.403, Fla. Stat. (2012) (“Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.”).
The contention that the trial court’s ruling as to non-party brands was an abuse of discretion must be evaluated, moreover, in the context of other rulings allowing significant impeachment of Mrs. Buchanan’s testimony on the point. Defendants were permitted to point out repeatedly to the jury inconsistencies between sworn answers to interrogatories and her later deposition, such as her inability to recall Mr. Buchanan’s having smoked cigarette brands that she had previously identified in interrogatories, her lack of “visual memory” as to the appearance of certain cigarette packaging, her incomplete recollection concerning all the brands Mr. Buchanan smoked over the decades in question, and her acknowledgement that her memory had “limitations” in general.
Appellants also argue that a jury instruction on the statute of repose was improperly denied. See Sotuyo v. Williams, 587 So.2d 612, 614 (Fla. 1st DCA 1991) (“The failure to give a requested instruction constitutes reversible error when the requested instruction is an accurate statement of the law, the facts in the case support such an instruction, and the jury instruction is necessary for the jury to properly resolve the case.”). Defendants below requested the following jury instruction:
To find either Defendant liable on Plaintiffs fraudulent concealment or conspiracy to fraudulently conceal claims, you must find that Mr. Buchanan reasonably relied to his detriment on a statement by the Defendant that intentionally concealed or omitted a material fact concerning the health effects or addictive nature of smoking cigarettes after May 5, 1982. Reliance on statements prior to that date cannot by law be a basis for liability.
This is not an accurate statement of the law. See R.J. Reynolds Tobacco Co. v. Hiott 129 So.3d 473, 478 (Fla. 1st DCA 2014). As with any other affirmative defense, moreover, the defendant, not the plaintiff, has the burden of proof to show the claim is untimely when it sets up the statute of repose as a defense. See Tello v. Dean Witter Reynolds, Inc., 494 F.3d 956, 974 (11th Cir.2007).
We reject appellants’ remaining arguments on the basis of binding precedent. *1158 See Philip Morris USA, Inc. v. Douglas, 110 So.3d 419, 430-31 (Fla.2013) (rejecting argument that giving Engle Phase I findings res judicata effect violates due process); Hiott, 129 So.3d at 478 (holding that the statute of repose does not begin to run until the last act done in furtherance of the conspiracy); R.J. Reynolds Tobacco Co. v. Sury, 118 So.3d 849, 851-52 (Fla. 1st DCA 2013) (holding jury award need not be reduced based on plaintiffs share of fault where the “substance” of the action is an intentional tort and plaintiff did not mislead the jury into believing that damages would be reduced based on plaintiffs fault); R.J. Reynolds Tobacco Co. v. Martin, 53 So.3d 1060, 1069 (Fla. 1st DCA 2010) (permitting an inference of reliance on tobacco defendants’ concealment and misrepresentations where “abundant evidence” of “pervasive misleading advertising campaigns” aimed at creating a “false controversy” and “doubt among smokers that cigarettes were hazardous to health” was presented).
We certify conflict with Philip Morris USA, Inc. v. Hess, 95 So.3d 254 (Fla. 4th DCA 2012), review granted, No. SC12-2153, 2013 WL 2420735 (Fla. June 3, 2013).
VAN NORTWICK and OSTERHAUS, JJ., concur.