JOAN A. LENARD, UNITED STATES DISTRICT JUDGE
THIS CAUSE is before the Court on Defendants Miami-Dade County Board of Commissioners and John and Jane Does' ("Doe Defendants") Motion to Dismiss Complaint, ("Motion," D.E. 15) filed April 18, 2017. Plaintiff Raul Pestana, pro se, filed a Response on May 4, 2017, ("Response," D.E. 17), to which Defendants filed a Reply on May 16, 2017, ("Reply," D.E. 24). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.
I. Background[1]
From August 2012 to June 2013, Plaintiff was incarcerated at what he refers to *1286 as the "Main Jail" in Miami-Dade County's jail system, located at 1321 N.W. 13th Street, Miami, FL. (Compl. ¶¶ 17, 20.) Plaintiff told Corrections Health Service ("CHS") and the Doe Defendants that he suffered from several medical issues, including anxiety. (Id. ¶ 21.) On August 24, 2013, the Doe Defendants evaluated Plaintiff, and CHS prescribed Plaintiff certain medications that he had not been prescribed prior to incarceration. (Id. ¶ 22.) The prescribed medication made Plaintiff nauseous and caused him to have more anxiety attacks. (Id. ¶ 23.) Plaintiff complained to CHS and the Doe Defendants that the prescribed medication was not effective, but Defendants were unreceptive. (Id. )
Plaintiff also filed multiple medical requests and grievances with Defendants Miami-Dade County Board of Commissioners, the Doe Defendants, and CHS in an attempt to receive proper medical treatment, including Clonazepam and/or Alprazolam for his anxiety, which were prescribed to him before his incarceration. (Id. ¶ 24.) Plaintiff alleges that these requests and grievances were never answered, and that he was never given Clonazepam and/or Alprazolam because of budget cuts. (Id. )
Plaintiff also alleges that he was permitted to furlough to the VA hospital for treatment on his eye and would return on his own accord with eye drops and an anti-inflammatory. (Id. ¶¶ 26, 28.) However, John and Jane Doe would confiscate the medication when he returned, and would not dispense it to him thereafter. (Id. ¶ 29.)
Plaintiff was also "repeatedly forced to live under horrific conditions"-for example, he was subject to extremely cold temperatures; he slept on the floor with a thin mattress, one sheet, and a wool blanket that he was allergic to; there were insects and rodents; he did not always receive proper medication; and he was denied use of the "yard facility" which resulted in a lack of exercise that has complicated some of his medical conditions. (Id. ¶ 31.)
On December 28, 2016, Plaintiff filed a two-count Complaint, although it appears that both counts allege deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, pursuant to 42 U.S.C. § 1983, against all Defendants. (Id. ¶¶ 16-56.)
Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).
II. Legal Standard
Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss. Id."A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted). Additionally:
Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions.
*1287 Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").
Sinaltrainal v. Coca-Cola, 578 F.3d 1252, 1260 (11th Cir. 2009), abrogated on other grounds by Mohamad v. Palestinian Auth., 566 U.S. 449, 132 S.Ct. 1702, 1706 n.2, 182 L.Ed.2d 720 (2012). The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. 1937 ).
III. Discussion
Defendants move to dismiss the Complaint because: (1) the Miami-Dade Board of County Commissioners do not have the capacity to be sued; (2) Plaintiff cannot maintain fictitious party practice against John and Jane Doe; and (3) insofar as John or Jane Doe is the Director of the Miami-Dade Corrections and Rehabilitation Department ("MDCR") in his official capacity, the Complaint must be dismissed because the real party in interest is the governmental entity, and not the named official. (D.E. 15 at 3-5.)
a. Miami-Dade Board of County Commissioners
First, Defendants argue that the Miami-Dade Board of County Commissioners do not have the capacity to be sued. (Mot. at 3.) Plaintiff argues that the Board of County Commissioners are the final policy-making authority for Miami-Dade County, but cites no authority holding that they have the legal capacity to be sued. (Resp. at 3.)
The capacity of a party to sue or be sued is governed by state law. Fed. R. Civ. P. 17(b) ; see also Dean v. Barber, 951 F.2d 1210, 1214-15 & n.4 (11th Cir. 1992). Under Florida law, "[t]he county commissioners shall sue and be sued in the name of the county of which they are commissioners." Fla. Stat. § 125.15. Accordingly, because it cannot be sued, the Complaint must be dismissed without prejudice as to the Miami-Dade Board of County Commissioners. See Titus v. Miami Dade County Water & Sewer Dep't, Case No. 15-22316-cv-COOKE/TORRES, 2016 WL 3544494, at *2 (S.D. Fla. June 29, 2016) (dismissing complaint because "the Board of County Commissioners Miami-Dade County is a subordinate municipal department that cannot be sued"); Erickson v. Bd. of Cty. Comm'rs of Sarasota Cty., 212 So.2d 340, 340-41 (Fla. Dist. Ct. App. 1968) (reversing judgment in favor of board of county commissioners because, under Fla. Stat. § 125.15, the suit was brought against the wrong party).
b. John and Jane Doe
Next, Defendants argue that the Complaint does not describe John and Jane Doe sufficiently to permit fictitious party practice. (Mot. at 3.) Plaintiff argues that the state court granted his motion to compel the jail to turn over his medical and *1288 mental health records, but because he has not yet received the records, he cannot identify the Doe Defendants. (Resp. at 5.)
"As a general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.' " Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992) ).
Here, with one possible exception discussed in Section III(c), infra, the Complaint does not describe the Doe Defendants with sufficient specificity as to be at the very worst, surplusage. And although Plaintiff's medical and mental health records from the jail, if there are any, may help him identify the Doe Defendants, this Court is without jurisdiction to enforce the state court's order compelling the jail to produce those records. The Court notes that the state court granted Plaintiff's motion to compel on December 28, 2016, and he still has not identified or served the Doe Defendants.
Regardless, because the Complaint does not adequately describe the Doe Defendants, the Complaint must be dismissed without prejudice as to John and Jane Does. See Richardson, 598 F.3d at 738.
c. Director of the Miami-Dade Corrections Rehabilitation Department
Paragraph 11 of Plaintiff's Complaint alleges that the Commission "appointed JOHN or JANE DOE[ ] as its Director of the Department of Corrections ...." (Compl. ¶ 11.) Defendants argue that to the extent that Plaintiff is attempting to name the Director of the Miami-Dade Corrections Rehabilitation Department as one of the Doe Defendants, the Complaint should be dismissed because that individual may not be sued in his official capacity. (Mot. at 4.) In his Response, Plaintiff argues that "[w]hile it may have been convenient to name the Director (MDCR) in his official capacity as suggested by Defendants, the Plaintiff still would have had to prove he/she was the proper Defendant. And, that is precisely why the Complaint should not be dismissed." (Resp. at 5.)
When an official is sued under Section 1983 in his official capacity, "the suit is simply ' 'another way of pleading an action against an entity of which an officer is an agent.' ' " Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (quoting Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting Monell v. N.Y. City Dep't of Soc. Serv., 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) )). "Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." Id. (citing Graham, 473 U.S. at 165-66, 105 S.Ct. 3099 ). "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond)." Id. (citing Graham, 473 U.S. at 166, 105 S.Ct. 3099 ).
Thus, it is clear that if Plaintiff is attempting to state a claim against the Director of the Miami-Dade Corrections Rehabilitation Department in his official capacity, the proper Defendant is the municipal entity for which that individual works. See id. Typically, a plaintiff will state identical "official capacity" and "municipal liability" claims, and the district court will simply dismiss the official capacity claims as duplicative of the municipal *1289 liability claims. See Perez v. Sch. Bd. of Miami-Dade Cty., Fla., 917 F.Supp.2d 1261, 1265-66 (S.D. Fla. 2013). The Court's research has not turned up any prior case in which the Plaintiff named an officer in his official capacity as a defendant but not named as a defendant the municipal entity with which the officer was employed.
Under the circumstances presented, the Court finds that the most prudent course is to dismiss Plaintiff's official capacity claims without prejudice. First, it is not clear that Plaintiff intended to name the Director of the Miami-Dade Corrections Rehabilitation Department in his official capacity as a Defendant. (See Resp. at 5 ("While it may have been convenient to name the Director (MDCR) in his official capacity as suggested by Defendants, the Plaintiff still would have had to prove he/she was the proper Defendant."). And even if he did, he has not perfected service upon that individual, even though he filed his Complaint approximately ten months ago. See Fed. R. Civ. P. 4(m) (providing a plaintiff 90 days to serve a defendant).
IV. Conclusion
Accordingly, it is ORDERED AND ADJUDGED that:
1. Defendants' Motion to Dismiss (D.E. 15) is GRANTED ;
2. Plaintiff's Complaint (D.E. 1) is DISMISSED WITHOUT PREJUDICE ;
3. Plaintiff shall have fourteen days from the date of this Order to file an Amended Complaint, if he chooses to do so;
4. If Plaintiff files an Amended Complaint with multiple counts, it should be clear how each count is different from the others;
5. If Plaintiff files an Amended Complaint, he shall have thirty days thereafter to perfect service of process on any Defendant who has not theretofore been served or SHOW CAUSE why the Amended Complaint should not be dismissed for lack of service as to the unserved Defendants.
DONE AND ORDERED in Chambers at Miami, Florida this 13th day of October, 2017.

The following facts are gleaned from Plaintiff's Complaint (D.E. 1) and are deemed to be true for purposes of ruling on Defendant's Motion.